# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2010

No. 09-31086
Summary Calendar

Lyle W. Cayce
Clerk

HIDOVELL BURKE,

Plaintiff - Appellant

v.

ZURICH AMERICAN INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4268

Before BENAVIDES, PRADO, AND SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Hidovell Burke (Burke) appeals the jury verdict arising out of his personal injury lawsuit. The jury found Burke to be 25% at fault for the automobile accident and determined that no compensable damages resulted from this accident. For the reasons set forth below, we affirm.

On July 3, 2007, Burke and a friend were traveling on a one-way street in New Orleans. A truck owned by Advanced Broadband Systems Services, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31086

(Advanced) and operated by Joel Sayre (Sayre), was parked on one side of the street to service cable equipment.  After activating his truck's flashers and strobe lights and checking his rear view mirror for traffic, Sayre opened his truck's door which was instantly struck by the mirror of Burke's van as Burke passed Sayre's truck.  The van's mirror shattered but the cable truck sustained no damage.

Burke filed suit in state court against Advanced, Sayre, and Zurich American Insurance Company (Zurich) alleging medical expenses from the accident.  Service was not administered on Advanced or Sayre, and Zurich removed the matter to federal court.  On October 5, 2009, the case was tried before a jury who found Sayre to be 75% at fault for the accident and Burke to be 25% at fault.  In addition, the jury determined Burke failed to meet his burden of proof on damages by failing to show that his injuries were a result of this car accident.  Following the jury verdict, Burke moved for judgment notwithstanding the verdict, which was denied by the district court.  The court entered the jury verdict and awarded no damages to Burke.  Burke appeals.

On motions for directed verdict and for judgment notwithstanding the verdict, we consider all evidence in the light most favorable to the party opposed to the motion and review the reasonableness of the jury's verdict.  Fed. R. Civ. P. 50; *see also Guilbeau v. W.W. Henry Co.*, 85 F.3d 1149, 1161 (5th Cir. 1996) (citations omitted).  Granting the motion is proper if the facts and inferences point so strongly in favor of one party that reasonable men could not arrive at a contrary verdict.  *See Guilbeau*, 85 F.3d at 1161 (citations omitted).  In this diversity case, Louisiana state law applies to the negligence issues.  In a personal injury suit under Louisiana law, a plaintiff must show that the medical expenses he seeks to recover more probably than not were a result of the trauma suffered from the accident at issue.  *See Angelle v. Delery*, 833 So.2d 469, 476

2

No. 09-31086

(La. Ct. App. 2002) (citing *White v. Longanecker*, 637 So.2d 1213, 1218 (La. Ct. App. 1994)).

Burke contends that the jury erred in finding him partially at fault for the accident occurring and that the undisputed medical evidence linking his lower back injuries and medical expenses to this automobile accident should have resulted in an award for his medical expenses. Burke argues that his driving down the middle of the one-way street in the lane normally driven when cars are parked on both sides of the street by definition means he was not at fault. On the issue of damages, Burke argues that the medical records of Dr. McKenna, Dr. Howard, Dr. Stephenson, and Dr. Meyers provides legally sufficient proof to tie his complained about injuries to the accident with Sayre such that the jury erred for failing to award damages for his medical expenses, pain, and suffering. We disagree.

The evidence and facts support the jury's apportionment of fault. Burke's testimony and the video-deposition testimony of Syare established that no cars were parked on the left side of the street during the accident nor any cars on the right side of the street in proximity to where the accident occurred. Burke stated that he saw the big utility truck as he was driving 20 to 25 mph down the 25 mph residential street. Nonetheless, Burke asserted it was reasonable to continue driving in the middle of the street instead of further away from the flashing utility truck. Sayre described in detail the normal repair procedures, the size of the truck, the utility bins hanging over each side of the truck in the back, and the mounted boom and tool boxes. Sayre testified that the four way flashers and the strobe lights were continually left on during their repairs and that he parked the truck right alongside the street as one would a normal vehicle. Sayre stated that he checked his rear view mirror first, and then opened his door approximately 10 inches when the impact occurred. Zurich contended that Burke was partially at fault for his van's mirror colliding with Sayre's door

3

by driving so close to the utility truck when no cars were parked on the left side of the street when Burke could easily have steered left or slowed down when passing the utility truck. Zurich suggested that Burke was not driving in the middle of the road but closer to the right hand side of the street for Burke's mirror to collide with Sayre's door, especially since the door had only been opened a few inches. Under the evidence presented, we cannot say the jury was unreasonable in holding Burke 25% at fault for the accident in light of his' and Sayre's testimony that established no cars were parked on either side of the street and that when Burke saw the parked utility truck with its flashers on, he neither slowed down nor moved to the left when approaching and passing Sayre's truck.

More significantly and fatal to Burke's appeal, the evidence and facts also support the jury's decision to award no damages. At the trial, the jury heard from a variety of Burke's doctors that had treated him during the time following the accident. Burke admitted that he had previously suffered a work-related back injury in 1996 and that he was involved in a different automobile accident in 2001. Zurich asked the jury to focus on the testimony by Burke's medical expert that the current injury area was without "medical significance," that the only "clinically significant" area was the back area from previous injuries, and that the lack of references to Burke's prior back injuries in his and Burke's other doctors' examinations seriously questioned the claim that a causal relationship existed.

Applying the standards set forth in this opinion and considering all the evidence in the record, we hold that the district court properly denied Burke's motion for judgment notwithstanding the verdict.

Accordingly, the judgment of the district court is AFFIRMED.